**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

TYLER A. RUHL,

    Petitioner - Appellant,

v.

TOMMY WILLIAMS,

    Respondent - Appellee.

No. 24-3084
(D.C. No. 5:23-CV-03053-JAR)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Tyler A. Ruhl, a prisoner appearing pro se, appeals the district court's denial of his

28 U.S.C. § 2254 petition for federal habeas relief.  But Ruhl has not received a certificate

of appealability (COA), so we construe Ruhl's brief as a request for one.  Exercising

jurisdiction under 28 U.S.C. §§ 1291 and 2253, we deny his request and dismiss the matter.

Ruhl has not satisfied the standard for issuance of a COA.

A Kansas jury convicted Ruhl of attempted first-degree murder, attempted

aggravated robbery, and criminal possession of a firearm.  The Kansas district court

sentenced Ruhl to 661 months' imprisonment.  Ruhl challenged his conviction on direct

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal without success.  Ruhl contends he was denied his Sixth Amendment right to self-representation, but his appellate counsel did not raise the issue on direct appeal.  As a result, Ruhl subsequently brought a state motion for post-conviction relief, arguing he was denied the right to represent himself at trial and arguing ineffective assistance of appellate counsel for failure to raise the issue on direct appeal.  The trial court denied Ruhl's motion, and the Kansas Court of Appeals (KCOA) affirmed, holding Ruhl's self-representation argument lacked merit so appellate counsel was not ineffective for excluding the claim on direct appeal.  The Kansas Supreme Court denied review.

Ruhl then petitioned for habeas relief in federal court, solely arguing his appellate counsel was ineffective for failing to raise Ruhl's self-representation argument on direct appeal.  The district court denied Ruhl's petition, applying the deference prescribed in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The court held the KCOA decision was not "contrary to" and did not "involve[] an unreasonable application of clearly established Federal law."  28 U.S.C. § 2254(d)(1); *Ruhl v. Williams*, No. 23-3053-JAR, 2024 WL 2272574 (D. Kan. May 20, 2024).  Nor was it "based on an unreasonable determination of the facts given the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2); *Ruhl*, No. 23-3053-JAR, 2024 WL 2272574 at *4.  To the contrary, after reviewing the record, the district court agreed with the KCOA that Ruhl's self-representation argument was meritless, so appellate counsel was not ineffective for declining to raise it.  *Ruhl*, No. 23-3053-JAR, 2024 WL 2272574 at *5.

Ruhl now seeks to appeal the district court's order.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a

2

constitutional right." 28 U.S.C. § 2253(c)(2). "Where, as here, 'a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Sumpter v. Kansas*, 61 F.4th 729, 754 (10th Cir. 2023) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In other words, we ask whether the district court's application of AEDPA deference to a claim is debatable amongst reasonable jurists. *Id.*

Here, reasonable jurists cannot debate the district court's application of AEDPA deference to Ruhl's ineffective assistance claim. As the district court concluded, the KCOA reasonably applied governing federal law to Ruhl's claim. *Strickland v. Washington* is governing federal law for an ineffective assistance of counsel claim. 466 U.S. 668 (1984). Under *Strickland*, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. Consistent with *Strickland*, the KCOA rejected Ruhl's ineffective assistance of counsel claim after determining appellate counsel's performance was not deficient for failing to raise Ruhl's meritless self-representation argument on direct appeal. Counsel is not deficient for declining to raise a meritless claim—such representation does not fall below an objective standard of reasonableness.

Moreover, the KCOA reasonably concluded Ruhl's self-representation claim lacked merit because Ruhl never clearly and unequivocally requested self-representation. We require a "clear and unequivocal" request for self-representation to protect "not only the

3

defendant but also the trial court." *See United States v. Simpson*, 845 F.3d 1039, 1046–47 (10th Cir. 2017). Otherwise, an equivocal demand opens the door to reversal no matter how the trial court rules. *Id.* at 1047. "If the court determines that the defendant wants to proceed pro se, the defendant can assert a violation of the right to counsel; if the court provides counsel, the defendant can assert a violation of the right to proceed pro se." *Id.*

"After a careful review of the record" the KCOA determined "Ruhl never clearly and unequivocally invoked his right to self-representation." *Ruhl v. State*, 510 P.3d 14, 1 (Kan. Ct. App. 2022). The KCOA addressed two instances Ruhl claims show clear and unequivocal invocation. The first occurred at a pre-trial hearing. A week prior to trial, Ruhl requested new counsel. The trial court denied Ruhl's motion. The court then addressed the State's motion to declare a witness unavailable and the following exchange occurred:

> [RUHL]: Bribiesca, Your Honor, could I have something to say?
>
> THE COURT: No, sir. Have a seat, sir. You need to talk to your lawyer.
>
> [RUHL]: Well, he don't talk to me. Can I be pro se?
>
> THE COURT: Sir, we're going to address these motions, okay?
>
> [RUHL]: This is crazy. I have something to say about the motions, about this motion in particular.
>
> THE COURT: Tell your lawyer, he can—
>
> [RUHL]: I have, and he ain't said nothing.

ROA at 697. The KCOA interpreted Ruhl's statement as a request to "address the district court about one of the pending pretrial motions" and not a request to represent himself

4

throughout the remaining proceedings.  *Ruhl,* 510 P.3d at 5.  Indeed, Ruhl characterizes this incident in his brief as "voicing he had something to say about pretrial motions (emphasizing one motion in particular)."  Appellant's Br. at 2.  As Ruhl's request could be interpreted as a request to address the court regarding a particular motion rather than a request to forgo the assistance of counsel for the remainder of his criminal prosecution, the KCOA reasonably concluded Ruhl's request was not clear and unequivocal.

The second exchange occurred during trial as the trial court ruled on evidentiary matters:

> [RUHL]:  Can I have the record reflect that I need to go on the—
>
> THE COURT:  No, sir, sit down.  Sit down, sir.  Talk to your lawyer first before you say anything.
>
> [RUHL]:  I have.
>
> . . . .
>
> [RUHL]:  So you're refusing my right to talk at my court date—
>
> THE COURT:  Sir, you need to talk to your lawyer—
>
> [RUHL]:  Reflect that, please.
>
> THE COURT:  —before you say anything. All right?

ROA at 1402–03.  Again, the KCOA reasonably concluded this exchange, "reflects that Ruhl was seeking to personally address the district court at trial even though he was represented by counsel. . . .  Although Ruhl obviously wanted to personally address the district court, there is no implication that he wanted to represent himself."  *Ruhl*, 510 P.3d at 5.  The district court agreed, "a reasonable interpretation of [Ruhl's] remarks was that he wanted to speak for himself on some matter, not that he was asking to fully represent

5

himself at trial without counsel." *Ruhl*, No. 23-3053-JAR, 2024 WL 2272574 at *4. As Ruhl's statements are equivocal at best, reasonable jurists could not debate the district court's application of AEDPA deference here.

***

We DENY Ruhl's request for a COA and DISMISS his appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge